[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 23, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-12551
Non-Argument Calendar

_____

D. C. Docket No. 03-20477-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWARD JESUS DIAZ,
a.k.a. Ramon Ruiz,
a.k.a. Leonardo Herrera,
a.k.a. Tommy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 23, 2005)

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Edward Jesus Diaz appeals his sentence of 355 months imprisonment for (1) conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846; and (2) possession with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1). Diaz argues that the district court erred in not granting him more of a reduction to his sentence because of: (1) the disparity in sentencing between him and his codefendants; (2) the fact that the career offender enhancement over-represented his actual prior criminal conduct; and (3) the substantial assistance that he had given the government.

First, Diaz's challenges to the district court's refusal to grant downward departures for sentencing disparity and over-representation of his criminal conduct are not properly cognizable on appeal. This court has no jurisdiction to review a sentencing judge's denial of a downward departure unless that denial was based upon a belief that he had no authority to depart. *United States v. Calderon*, 127 F.3d 1314, 1342 (11th Cir. 1997). *See United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005) ("[W]e lack jurisdiction to review the decision of the district court not to apply a downward departure."). Because the record clearly demonstrates that the district court was well aware of its authority to depart, those district court's rulings cannot be challenged on appeal.

2

Second, Diaz's challenge to the extent of the departure for substantial assistance fails. This court reviews the extent of a district court's departure from the Guidelines for reasonableness. *Winingear*, 422 F.3d at 1245-1246. Following the Supreme Court's decision in *United States v. Booker,* __ U.S. __ , 125 S. Ct. 738 (2005), our review is guided by the factors in 18 U.S.C. § 3553(a). *Winingear*, 422 F.3d at 1246. Considering the factors outlined in section 3553(a), the nature and circumstances of Diaz's offense, and the district court's detailed discussion of its reasons for the extent of the departure, we find Diaz's sentence to be reasonable. Accordingly, we affirm Diaz's sentence.

**AFFIRMED.**